**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND ORRAND, *et al*. | : | Case No. 2:09-cv-212 |
| | : | |
| Plaintiff, | : | Judge Marbley |
| | : | |
| v. | : | Magistrate Judge King |
| | : | |
| WEST END LAND DEVELOPMENT, INC., | : | |
| | : | |
| Defendant. | : | |

**AGREED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DOCUMENTS**

The parties to Case Number 2:09-CV-212 (referred to herein as "this action"), Plaintiffs Raymond Orrand, *et al.* and International Union of Operating Engineers, Local 18, 18A and 18B (collectively, "Plaintiffs") and Defendant West End Land Development ("Defendant"), hereby stipulate and agree as follows:

WHEREAS, the parties to this action recognize that certain documents will be produced that may contain confidential personal or business documents; and

WHEREAS, the parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

THEREFORE, IT IS HEREBY ORDERED that:

1. <u>Confidential Personal or Business Information</u>: Plaintiffs, Defendant, and/or any experts or consultants retained by Plaintiffs or Defendant are

required to maintain the confidentiality of the following documents obtained through discovery in this litigation or obtained and marked as exhibits in depositions in this case: any document that contains confidential or financial business information, which has been designated by the party as "Confidential." This information shall be marked "Confidential" and is protected from disclosure to the public regardless of whether it is conveyed by or contained in a document produced, stated in answer to an interrogatory or request for admission, disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding, or disclosed pursuant to a voluntary agreement among counsel.

2. <u>Disputes Regarding Confidential Documents</u>: Any party objecting to the designation of any document as Confidential shall make a good faith effort to resolve the dispute without intervention of the Court. If the parties are unable to resolve the dispute, the objecting party may move for an order regarding the designation of the documents at issue. The parties agree that any hearing before the Judge or Magistrate Judge may be conducted by telephone. If any such dispute is submitted to the Court, the documents at issue shall be submitted to the Court under seal and will retain their Confidential designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

3. <u>Limitation on Disclosure</u>: All documents designated as Confidential and the information contained therein shall be used solely for the purpose of conducting this litigation. Confidential documents may be disclosed only to the following persons:

a. Attorneys of record for any party to this action, and all legal support personnel, and clerical employees working under the direct supervision of such counsel;

b. The Court and its personnel;

c. Employees or former employees of Defendants;

d. Witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and trial of this litigation, who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;

e. Any arbitrator or mediator designated in this action;

f. Any court reporter employed in connection with a deposition in this litigation;

g. Any person approved in writing, in advance of disclosure, by the producing party.

4. All persons reviewing or receiving copies of Confidential documents are enjoined from disclosing the contents thereof to any other person other than for the prosecution or defense of this action, except in conformity with this Protective Order, and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order.  Before either party to this action disseminates any Confidential documents, that party shall provide the person to whom such disclosure is made with a copy of this Protective Order and shall obtain the agreement in writing in the form of Exhibit A attached hereto of such person to be bound by the terms and conditions

herein.  Notwithstanding the foregoing, the parties to this action shall not be required to execute an agreement in the form of Exhibit A prior to receiving any Confidential documents or information, but shall be bound by the terms of this Protective Order by their signature or the signature of their respective counsel herein.

5. Within sixty (60) days after receipt of written notice of the final disposition of this lawsuit, whether by satisfaction of any judgment and exhaustion of all appeals, or by settlement, the receiving parties and all other persons who have received documents designated "Confidential" shall destroy or return all such documents, and all copies thereof, to the producing party.  Notwithstanding the foregoing, each party may retain motion papers, briefs, notes, memoranda or other documents which contain Confidential information. This Protective Order shall continue to apply to all such documents retained by any party in accordance with the preceding sentence.

6. This Protective Order shall not affect any party's right to object to the use in this litigation of Confidential documents or information on any ground.  The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any document or information, at time of trial or otherwise.

7. This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at time of trial.

8. Any waiver under this Protective Order must be made in writing or, if at a deposition, on the record.  Any waiver unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Protective Order.

9. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed to by the parties in writing or by order of the Court.

For good cause appearing, IT IS SO ORDERED.

Dated: October 1, 2009        *s/ Norah McCann King*
                              UNITED STATES MAGISTRATE JUDGE

HAVING SEEN AND AGREED:

| | |
|---|---|
| s/ Daniel J. Clark (per email) | |
| Daniel J. Clark (0075125), Trial Attorney | s/ Anastasia J. Wade |
| VORYS, SATER, SEYMOUR AND PEASE LLP | Timothy D. Wood (0018645) |
| 52 East Gay Street | Anastasia J. Wade (0082797) |
| P.O. Box 1008 | Brouse McDowell |
| Columbus, Ohio 43216 | 1001 Lakeside Avenue, Suite 1600 |
| (614) 464-6436 (telephone) | Cleveland, Ohio 44114 |
| (614) 719-4650 (facsimile) | 216 830-6830 |
| djclark@vorys.com | 216-830-6807 |
| | |
| Attorneys for Plaintiffs Ohio Operating Engineers Fringe Benefit Funds | Attorneys for Defendant |

s/ William I. Fadel (per email)
William I. Fadel, Esq.
Wuliger, Fadel & Beyer
The Brownell Building
1340 Sumner Court
Cleveland, Ohio 44115
(216) 781-7777
(216) 781-0621
wfadel@wfblaw.com

Attorney for Intervening Plaintiffs International Union of Operating Engineering, Local 18. 18A and 18B

# EXHIBIT A

## ACKNOWLEDGEMENT AND CONSENT TO JURISDICTION

I, _____ acknowledge that I have been given a copy of and have read the Agreed Protective Order Regarding Confidentiality of Documents in <u>Raymond Orrand, et al., v. West End Land Development,</u> United States District Court for the Southern District of Ohio, Eastern Division, Case No. 2:09-CV-212, and I agree to be bound by its terms. I acknowledge and agree that any document marked "Confidential," which is received by me in connection with this matter, and any copy, excerpt, summary or abstract of such document, shall not be disclosed to or discussed with anyone except as expressly provided in the Protective Order. I further acknowledge and agree that all Confidential documents shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned or destroyed at the conclusion of this case.

I consent to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division for the purposes of enforcing this Protective Order.

I declare under penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct.

Executed on _____, 2009 at _____.

_____