# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND ORRAND, et al., : | |
| : | |
| Plaintiffs, : | |
| : | Case No. C2-09-CV-0212 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| WEST END LAND DEVELOPMENT : | |
| INC., et al., : | Magistrate Judge King |
| : | |
| Defendants. : | |

## OPINION ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiffs Raymond Orrand and the Trustees of the Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund, and Ohio Operating Engineers Safety & Education Fund's ("Plaintiffs") Motion for Summary Judgment (Dkt. 23), and Intervenor Plaintiff International Union of Operating Engineers, Local 18, 18A, 18B's ("Intervenor Plaintiff") Motion for Summary Judgment (Dkt. 24). Plaintiffs and Intervenor Plaintiff brought their Complaints (Dkt. 2 & Dkt. 10), alleging that Defendant West End Land Development, Inc. ("Defendant") failed to meet its obligations under the fringe benefit program for its employees, including unpaid benefit contributions and unpaid union dues. For the reasons stated below, the Motions for Summary Judgment are **GRANTED**.

## II. BACKGROUND

Plaintiffs are the Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship Fund,

and the Ohio Operation Engineers Safety & Education Fund ("the Funds"). The Funds are fringe benefit programs, providing pension, health and welfare, and other fringe benefits, established for the benefit of employees of contractors who perform work pursuant to an agreement with the Intervenor Plaintiff, the International Union of Operating Engineers, Local 18s. Defendant is a contractor who is obliged to make fringe benefit contributions to the Trustees on behalf of its employees under collective bargaining agreements executed on January 31, 2007 and on January 23, 2008 with the Intervenor Plaintiff. Under the collective bargaining agreements, Defendant was obligated to deduct specified amounts from all Union employee paychecks and to use those funds for the payment of fringe benefits and union dues. The collective bargaining agreements provide for periodic audits, and an audit on February 9, 2009, disclosed unpaid contributions and unpaid dues from April 1, 2008 to February 1, 2009. After the audit, but prior to the initiation of the case *sub judice*, Defendant entered into an Extended Payment Agreement with the Funds. In the Extended Payment Agreement, Defendant acknowledged that delinquent contributions, union dues, interest, and statutory interest were due and owing. (Pls.' Mot. Summ. J., Ex. 6 at 1.) Defendant, however, failed to make the payments detailed in the Extended Payment Agreement. Plaintiffs then filed this law suit. On March 25, 2009, Intervenor Plaintiff filed it's Motion to Intervene, which was granted on April 22, 2009.

### III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In

considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant therefore has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. But the non-moving party "may not rest merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When ruling on a motion for summary judgment, a district court is not required to sift through the entire record to drum up facts that might support the nonmoving party's claim. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Instead, the Court may rely on the evidence called to its attention by the parties. *Id*.

### IV. LAW AND ANALYSIS

#### A. Plaintiffs' Motion for Summary Judgment

In their Motion for Summary Judgment, which the Defendant does not oppose, Plaintiffs seek the following judgments:

1. Delinquent fringe benefit contributions for April 1, 2008 to February 1, 2009 in the amount of $46, 361.77 under 29 U.S.C. § 1132(g)(2)(A);

2. Interest in the amount of $4,052.01 calculated to March 15, 2009, plus $25.08 per day thereafter as long as the judgment remains unpaid under 29 U.S.C. § 1132(g)(2)(B);
3. Statutory interest in the amount of $4,052.01 calculated to March 14, 2009, plus $25.80 per day thereafter as long as the judgment remains unpaid under 29 U.S.C. § 1132(g)(2)©;
4. Attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);
5. Court costs in the amount of $350.00 under § 1132(g)(2)(D);
6. An Order requiring Defendant to produce all the books and records necessary to determine the hours worked by, and wages paid to, Defendant's employees who were covered by the labor agreements from April 1, 2008 to the present, as well as all sums found due and owing from the audit, interest, liquidated damages, attorneys' fees, and court costs relating to the audit.

Defendant does not oppose Plaintiffs Summary Judgment Motion, and in the Extended Payment Agreement, acknowledged that delinquent contributions, union dues, interest, and statutory interest were due and owing. Accordingly, as there are no genuine issues of material fact, this Court **GRANTS** Plaintiffs' Motion for Summary Judgment. Judgment is entered against Defendant for the amounts detailed above. Plaintiffs are **ORDERED** to submit briefing detailing their attorneys' fees by **May 18, 2010**.

### B. Intervenor Plaintiff's Motion for Summary Judgment

In its Motion for Summary Judgment, the Intervenor Plaintiff moves for summary judgment on Defendant's Counterclaims (Dkt. 15) and on its claims for unpaid union dues in the amount of $2,995.24. Defendant has not filed a response to the Motion for Summary Judgment, and, therefore, does not oppose Intervenor Plaintiff's Motion for Summary Judgment.

### 1. Union Dues

This Court finds that there are no genuine issues of material fact as to the $2,995.24 in union dues as Defendant acknowledges the owed dues in the Extended Payment Agreement.

The Intervenor Plaintiff's Motion for Summary Judgment is **GRANTED** as to the dues in the amount of $2,995.24.

### 2. Counterclaims

On April 29, 2009, Defendant filed Counterclaims against Intervenor Plaintiff, alleging fraud in the inducement, fraud in the execution, fraudulent misrepresentation, negligent misrepresentation, and indemnification. Intervenor Plaintiff now moves for summary judgment on Defendant's Counterclaims. Defendant does not oppose Intervenor Plaintiff's Motion for Summary Judgment. This Court finds that there are no genuine issues of material fact as to the following facts: 1) Defendant was aware that it entering into collective bargaining agreements with the Intervenor Plaintiff (Def.'s Counterclaim at ¶5); and 2) Intervenor Plaintiff did not discuss the scope or applicability of the agreements with Defendant prior to executing the agreements (Ex. C: Aff'd. in Support of Intervenor's Mot. for Summ. J.), and, in fact, Defendant acknowledged that it owed $2,995.24 in dues in the Extended Payment Agreement.

In order to make out a claim for fraud in the inducement or fraudulent misrepresentation in Ohio, a plaintiff must show that there was:

> (a) a representation or, where there is a duty to disclose, concealment of fact, (b) which is material to the transaction at hand, © made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 789 (6th Cir. 2005). As there is no genuine issue of material fact as to the fact that no representations were made and that Defendant acknowledges that it owes the dues under the collective bargaining agreements, Defendant cannot make out claims for fraudulent inducement or fraudulent misrepresentation.

In order to state a claim for fraud in the execution in Ohio, the party putting forth the claim must show that they did not have knowledge of the terms of the contract. *Miamibank, N.A. (Star Bank) v. Ivory*, No. 11772, 1990 WL 51490 at *4 (Ohio App. 2 Dist. Apr. 20, 1990) (finding no error where trial court did not find fraud in the execution because "the trial court could have reasonably found that defendants knowingly signed the documents in their present form and that the documents were not altered after they were signed."); Restatement (Second) of Contracts § 163 (1981). In this case, Defendants include in their Counterclaims that they entered into the collective bargaining agreements, and in the Extended Payment Agreement acknowledge that they owed contributions and dues. Defendants cannot, therefore, establish a claim for fraud in the execution.

Finally, in order to show that a party is liable for negligent misrepresentation, a plaintiff must show that the party : "(1) supplies false information (2) for the guidance of others in their business transactions (3) causing pecuniary loss to the plaintiff (4) while the plaintiff justifiably relied upon the information (5) and the defendant failed to exercise reasonable care or competence in obtaining or communicating the information." *Doe v. SexSearch.com*, 551 F.3d 412, 418 (6th Cir. 2008). Ohio law also requires "a special relationship under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction." *Id.* In this case, Defendant does not contest that it was not supplied with false information, furthermore there are no allegations and no evidence that go to a special relationship between the Intervenor Plaintiff and the Defendant. As a result, the Defendant cannot make out a claim for negligent misrepresentation.

Accordingly, this Court **GRANTS** Intervenor Plaintiff's Motion for Summary Judgment as to all of Defendant's Counterclaims.

## V. CONCLUSION

Accordingly, and for the reasons stated above, this Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. 23). Plaintiffs are **ORDERED** to submit briefing detailing the amount of attorneys' fees by **May 18, 2010**. This Court further **GRANTS** the Intervenor Plaintiff's Motion for Summary Judgment (Dkt. 24) as to union dues in the amount of $2,995.24 and as to Defendant's Counterclaims.

Finally, Oral Argument on the Motions for Summary Judgment, scheduled for July 19, 2010, is **CANCELLED**.

**IT IS SO ORDERED.**

                                            s/Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **United States District Court Judge**

**DATED: May 4, 2010**